UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER JOSE AVALO JIMENEZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, *et al.*,<br><br>Respondents. | Case No. 1:26-cv-04128-NW<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: ECF No. 15 |

United States District Court
Eastern District of California

Petitioner Alexander Jose Avalo Jimenez is detained at the California City Detention Facility pending the resolution of his removal proceedings.  He seeks a writ of habeas corpus under 28 U.S.C. § 2241 ordering his immediate release on the basis that (1) his detention without any pre-deprivation process violates the Due Process Clause, and (2) his detention violates the Immigration and Nationality Act in light of his prior grant of temporary protected status.

For the reasons that follow, the Court finds that Petitioner is entitled to relief on his procedural due process claim (count 4) and orders his immediate release.  Because this claim affords Petitioner all the relief to which he is entitled—namely, release and a pre-deprivation hearing prior to re-detention—the Court need not and does not reach Petitioner's other remaining claims for relief.

## I.    BACKGROUND

Petitioner is a 20-year-old native of Venezuela who entered the United States on January 17, 2023 on a B-2 visitor visa and was admitted through July 16, 2023.  ECF No. 15 ¶ 30; ECF No. 8-2 at 2.  Following his entry, he was granted Temporary Protected Status by USCIS to April 2, 2025.  *Id*.; ECF No. 15-1 at 1.  He did not depart from the United States upon the expiration of his authorized period of admission or termination of his protected status.

During his time living in the United States, Petitioner attended and finished high school and began working at McDonalds. *Id*. He also applied for asylum; during that process he submitted biometrics to USCIS, and Petitioner received work authorization. ECF No. 15 ¶¶ 9, 30. Notably, USCIS granted Petitioner's work authorization on July 21, 2025—i.e., after Petitioner's temporary protected status had expired—and that work authorization remains valid through July 20, 2030. ECF No. 15-2 at 2. Respondents did not seek to detain Petitioner after he overstayed his visa, upon cancellation of his temporary protected status, or after he was granted work authorization by USCIS.

Petitioner was also the victim of a bicycle accident in June 2025, and suffered a traumatic brain injury causing a neurocognitive disorder and major depression. ECF No. 15 ¶ 32. Since the accident, Petitioner's mother and stepfather have become his caregivers, as he has required extensive medical care, including vascular surgery. *Id*. ¶¶ 32, 38, 40. On December 13, 2025, Petitioner's mother called the police seeking support for her son after she and Petitioner had gotten into an argument. *Id*. ¶ 33. Police, however, arrested Petitioner. *Id*. Though charges were dismissed shortly after the incident, Immigration and Customs Enforcement took Petitioner into custody on the basis that he overstayed his B-2 visa. *Id*. ¶¶ 32–36. Petitioner has remained detained since January 15, 2026.

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v.*

*Davis*, 533 U.S. 678, 687 (2001).

## III.   DISCUSSION

Petitioner contends that he has been unlawfully detained by Respondents despite his active participation in the immigration process for the last three years.  ECF No. 1 ¶¶ 66–70.  Since entering the United States in 2023, Petitioner has been granted temporary protected status, applied for asylum, and received work authorization from USCIS.  He argues that in light of the government's affirmative determination that he could live at liberty in the United States as these proceedings remained ongoing—it could not then seize and detain him without first affording him pre-deprivation process.  *See id*. ¶¶ 66–67.

Respondents oppose constitutional relief on two grounds.[1]  First, they argue that the petition should be denied for failure to exhaust administrative remedies because Petitioner is eligible for a bond hearing pursuant to 8 U.S.C. § 1226(a) but has not requested one.  ECF No. 18 at 3–4; ECF No. 8 at 2–3.  Second, they contend that Petitioner has been provided with sufficient process under § 1226(a).  ECF No. 18 at 4–6.  The court addresses exhaustion first before turning to the merits.

### A.   Exhaustion

Before a district court reaches the merits of a habeas petition challenging immigration detention, it ordinarily considers whether the petitioner has exhausted available administrative remedies.  *See Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds, Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006).  Exhaustion of administrative remedies may be required when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (cleaned up).  As the exhaustion

---

[1] Respondents also argue that this Court lacks jurisdiction to review Petitioner's statutory claim. ECF No. 18 at 2.  As this Order only addresses Petitioner's due process claim, the Court need not address this argument.

United States District Court
Eastern District of California

requirement is prudential rather than jurisdictional, the court may use its discretion to excuse exhaustion in situations where "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (cleaned up).

Respondents argue that the petition should be denied based on Petitioner's failure to request a bond hearing pursuant to § 1226(a) before seeking habeas relief. Petitioner's central claim, however, "is that his detention has unconstitutionally deprived him of his right to due process from the outset." *Norberto v. Warden, Central Valley Annex*, No. 1:26-CV-04674-MWJS, 2026 WL 1992747, at *3 (E.D. Cal. July 9, 2026). That is the sort of constitutional challenge that is "beyond the competence of the [agency] to decide," *Zamorano v. Garland*, 2 F.4th 1213, 1224 (9th Cir. 2021) (cleaned up), and so the prudential exhaustion requirement does not bar review. *See Hernandez v. Sessions*, 872 F.3d 976, 988-89 (9th Cir. 2017). "[A]dministrative exhaustion would not cure the due process violation that [P]etitioner experienced when he was detained without notice or an individualized assessment." *Leon Yero v. U.S. Gen. Att'y*, No. 1:26-CV-04312, 2026 WL 1707102, at *3 (E.D. Cal. June 12, 2026); *see also Juarez Barrientos v. Moss*, No. 1:26-CV-05943-NW, 2026 WL 2283034 (E.D. Cal. Aug. 7, 2026) (waiving exhaustion requirement where "[a] post-hoc bond hearing where the Immigration Judge would only consider Petitioner's potential flight risk or danger to the community would not cure the harm alleged here").

Accordingly, the Court waives the exhaustion requirement here and proceeds to the merits of Petitioner's due process claim.

### B.    Liberty Interest

Judges throughout the Ninth Circuit have repeatedly held, on facts materially similar to these, "that a noncitizen who has lived at liberty for an extended duration while his immigration case proceeds—pursuant to the Government's affirmative decision not to detain him—holds a protected liberty interest in remaining free from custody, and may not be detained without pre-deprivation process." *Norberto*, 2026 WL 1992747, at *4 (E.D. Cal. July 9, 2026); *see also De La*

4

United States District Court
Eastern District of California

*Garza v. Albarran*, No. 25-CV-10305, 2025 WL 3485157, at *4 (N.D. Cal. Dec. 4, 2025) (finding liberty interest where non-citizen had previously applied for legal permanent residence and completed biometrics processing, but was detained at an ICE check-in the following year); *Villanueva-Montanez v. Lyons*, No. 2:26-CV-00954, 2026 WL 797930, at *1 (E.D. Cal. Mar. 23, 2026) (finding that when a noncitizen "enter[s] the United States lawfully" and later seeks lawful immigration status, but is not detained thereafter, it vests the same liberty interest as a prior detention and release); *Anderson v. Chernut*, No. 1:26-CV-01960, 2026 WL 809990, at *2 (E.D. Cal. Mar. 24, 2026) (explaining that "the government's knowing decision not to detain an individual creates a liberty interest in their continued release"); *Kharitonova v. Albarran*, No. 3:26-CV-01362, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026) (finding that "the government's decision not to detain Petitioner when it processed her [immigration] application, took her biometrics, … and advised her to appear" for appointments connected with her application gave rise to a liberty interest); *Abdeltawab v. Armant*, No. EDCV 26-01520, 2026 WL 1045564, at *2 (C.D. Cal. Apr. 13, 2026) (finding a liberty interest for petitioners who "have never been in immigration custody in the first place due to years of deliberate acquiescence by [the government]").

The court finds that reasoning applicable here.  Petitioner was expressly authorized to remain in the United States through April 2, 2025.  Following that authorization, he continued to pursue his asylum claim with USCIS and was granted work authorization.  In other words, although his initial permission to enter the United States expired, Petitioner continued to engage in the immigration process after that point.  By acquiescing to his continued presence in the United States, the Government vested in Petitioner a liberty interest in his continued freedom.  *See Villanueva-Montanez*, 2026 WL 797930, at *1; *Anderson v. Chernut*, 2026 WL 809990, at *2; *see also Abdeltawab v. Armant*, No. EDCV 26-01520, 2026 WL 1045564, at *2 (C.D. Cal. Apr. 13, 2026).

### C.    *Mathews* Factors

Having held a protected liberty interest, Petitioner was entitled to process commensurate with that interest.  Many courts have applied the test established by the Supreme Court in *Mathews*

*v. Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Each factor favors Petitioner here. His interest in freedom from physical detention is weighty. *Zadvydas*, 533 U.S. at 690. The risk of erroneous deprivation from seizing an asylum applicant who previously had been granted temporary protected status by USCIS without any prior opportunity to be heard, is substantial, and the value of a pre-deprivation hearing in reducing that risk is correspondingly high. In contrast, the Government's interest is minimal: it has identified no reason a custody hearing could not have preceded, rather than followed, Petitioner's detention, and a pre-deprivation hearing imposes only the ordinary administrative burden of a proceeding the Government must ultimately conduct under § 1226(a). *See, e.g., E.E.O.H. v. Noem*, No. 1:26-CV-01266, 2026 WL 850363, at *5 (E.D. Cal. Mar. 26, 2026). Indeed, Respondents offer no specific reason to conclude that post-deprivation process would suffice to cure the constitutional violation in this case.[2] Accordingly, the Court concludes that due process requires that Petitioner be released.

## IV.    CONCLUSION AND ORDER

For the reasons stated above, the petition for writ of habeas corpus is GRANTED as to Petitioner's procedural due process claim. The Court ORDERS Respondents to immediately release Petitioner from their custody. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional

---

[2] Respondents have not argued that the circumstances leading to Petitioner's arrest would have rendered providing a pre-deprivation hearing impracticable. *C.f. Addemys N.R. v. Warden*, 1:26-CV-03892-MWJS, 2026 WL 1831763 (E.D. Cal. June 25, 2026) (holding that post-deprivation process was constitutionally sufficient because "Petitioner was recently arrested by state law enforcement authorities on a charge of having committed a serious criminal violation"). Had Respondents made such an argument, the Court would have considered it.

United States District Court
Eastern District of California

protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

**IT IS SO ORDERED.**

Dated: August 11, 2026

Noël Wise
United States District Judge

United States District Court
Eastern District of California

7